IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| DOMINGO MCKNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CJ-2015-04425 |
| | ) | DAMAN CANTRELL |
| vs. | ) | Attorney Lien Claimed |
| | ) | |
| AAON, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

AAON, Inc.
c/o Luke Bomer
6120 S. Yale Ave., Ste. 500
Tulsa, OK 74136

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this ___2___ day of ___12___, 2015   **SALLY HOWE SMITH, COURT CLERK**

County Court Clerk

By _____
Deputy Court Clerk

(Seal)

This summons and order was served on

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**
**PERSONAL SERVICE**

I certify that I received the foregoing Summons the _____ day of _____, 2015, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant

**EXHIBIT "2"**

personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2015, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2015. I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2015.
                By:

                Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

                Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of _____, 2015.
My Commission Expires: _____
    Seal                Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2015, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|
| | | |

                Signature of person mailing summons



IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| DOMINGO MCKNIGHT, | ) | |
| Plaintiff, | ) | Case No. |
| vs. | ) | DAMAN CANTRELL  Attorney Lien Claimed |
| AAON, INC., | ) | |
| Defendant. | ) | |

**DISTRICT COURT**
**FILED**
DEC - 2 2015
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

CJ-2015-04425

PETITION

COMES NOW the Plaintiff, Domingo McKnight, by and through his attorney of record, Daniel E. Smolen, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against the Defendant, AAON, Inc. for violation of Plaintiff's constitutionally protected rights arising out of his employment and termination by said Defendant. In support of his Petition, Plaintiff states as follows:

**PARTIES, JURISDICTION & VENUE**

1. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-2, hereinafter ("Title VII").

2. Plaintiff, Domingo McKnight, an African American male and resident of the State of Oklahoma, filed a charge of discrimination against the Defendants with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff complained to the EEOC of discrimination based on his race and retaliation in violation of Title VII.

3. Plaintiff received a Notice of Right to Sue on September 8, 2015, and this Petition has been filed within ninety (90) days of the receipt of the Notice of Right to Sue.

1

4. As such, Plaintiff has exhausted his available administrative remedies and has complied fully with all prerequisites in this Court under Title VII and the OADA.

5. Actual and Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g) and 25 O.S. § 1301 et seq.

6. Punitive damages are sought pursuant to 42 U.S.C. § 1981-A and 25 O.S. § 1301 et seq.

7. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g) and 25 O.S. § 1301 et seq.

8. Plaintiff is a resident of Tulsa County, State of Oklahoma.

9. Defendant, AAON, Inc. operates in Tulsa County and regularly employs more than fifteen (15) employees.

10. The incidents and occurrences giving rise to Plaintiff's claims occurred in Tulsa County, State of Oklahoma.

11. Therefore, jurisdiction and venue properly lie in this Court.

## FACTS COMMON TO PLAINTIFF'S CLAIMS

12. Plaintiff incorporates the preceding paragraphs as if re-alleged.

13. Plaintiff began his employment with AAON, Inc. in 1999. After working hard for approximately fourteen (14) years, the Plaintiff received a promotion to a "blue shirt" position, wherein he was a supervisor and received a raise.

14. While he was a supervisor, he reported policy violations of certain employees as mandated by AAON's policies and procedures. He reported these violations to Human Resources, an upper level supervisor, Bob Ferguss and the plaint manager, as was required by the policy. After making these reports, he was called

into his immediate supervisor's office, Ed Johnson, and was verbally assaulted and demoted from his supervisor position for allegedly going "outside the chain of command." The Plaintiff suffered a pay reduction as a result of this demotion.

15. The Plaintiff is aware of other non-African American employees in his same position of supervisor who went outside their chain of command and who were not demoted, specifically, Jordan Smith, Larry Tate, Aaron Kelley, Ian Slattery and Billy Holly.

16. During his employment, the Plaintiff has regularly heard his coworkers use the term "coon" to refer to African Americans. His coworkers also use the term "black guy" to refer to the Plaintiff instead of his name. The Plaintiff reported these comments to supervisors and the behavior has not been corrected.

17. The Plaintiff filed a Charge of Discrimination with the EEOC based on the racially discriminatory demotion and mailed his General Intake Questionnaire to the EEOC in early March 2014.

18. After being demoted, the Plaintiff applied for the position of Application Engineer. On March 11, 2014 he received a notice that he had not been selected to even interview, despite his fifteen years of experience with the company. The Plaintiff believes this decision was based upon his race, as a Caucasian individual was hired for the position who Plaintiff believes was not as qualified as the Plaintiff.

19. The Defendant's treatment of the Plaintiff worsened after he filed his Charge of Discrimination. In addition to being passed over for an interview, Plaintiff's Caucasian coworkers also constantly undermined the Plaintiff's authority as a

Team Lead, as members of his team were moved off of it without the Plaintiff's input. This directly affects Plaintiff's performance, as losing experienced team members requires him to train new members and slows down his production. Defendant measures performance by the Team's production. Further, the Plaintiff has been denied time off requests for doctor's appointments while his Caucasian coworkers are allowed to take time off of work when needed for various personal issues. The Plaintiff believes this difference in treatment is based on his race and also believes this treatment and denial of promotion was in retaliation for complaining to the EEOC about discrimination.

### FIRST CLAIM FOR RELIEF
### DISCRIMINATION BASED ON RACE FOR FAILURE TO PROMOTE, HOSTILE WORK ENVIRONMENT, AND DEMOTION UNDER TITLE VII AND THE OKLAHOMA ANTI-DISCRIMINATION ACT (OADA) 25 O.S. § 1301 ET SEQ

19. Plaintiff incorporates the preceding paragraphs as if re-alleged.

20. By continually subjecting the Plaintiff to racially hostile work environment, demoting the Plaintiff, denying him a promotion, and treating him differently than similarly-situated Caucasian employees in regards to demotion and team supervision, Defendant violated Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act (OADA) 25 O.S. § 1301 et seq.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. His attorney fees and the costs and expenses of this action;
e. Equitable Relief.
f. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF TITLE VII

21. Plaintiff incorporates the preceding paragraphs as if re-alleged.

22. By denying the Plaintiff a promotion, moving members off of his team to negatively affect his performance reviews, and denying him vacation days, after Plaintiff complained to the EEOC about race discrimination, Defendant and its agents have violated Title VII in retaliating against the Plaintiff for engaging in protected activity.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. His attorney fees and the costs and expenses of this action;
e. Equitable Relief.
f. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## 42 U.S.C. § 1981

23. Plaintiff incorporates the preceding paragraphs as if re-alleged.

24. By demoting the Plaintiff from his supervisory position and decreasing his pay, while not demoting similarly situated Caucasian coworkers for the same or similar conduct, Defendant and its agents have violated 42 U.S.C §1981.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

g. Back pay and lost benefits; front pay until normal retirement;
h. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
i. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

j. His attorney fees and the costs and expenses of this action;
k. Equitable Relief.
l. Such other relief as the Court deems just and equitable.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Daniel E. Smolen, OBA No. 19943
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*